UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rodney S. Whitlow,                                 Case No. 3:20-cv-1151

               Plaintiff,

v.                                                               ORDER

IMCO Carbide Tool, Inc., *et al.*,

               Defendants.


On September 28, 2021, I entered a Memorandum Opinion and Order granting the motion of Defendants IMCO Carbide Tool, Inc., Bee Tree, LLC, Julie K. Whitlow, Perry Osburn, and Matthew Osburn to dismiss Counts 2 through 8 of Plaintiff Rodney S. Whitlow's complaint to the extent those claims required me to interpret the 2011 Divorce Decree which finalized Rodney and Julie's divorce, after I concluded this Court lacked subject matter jurisdiction over those claims. (Doc. No. 24). I denied Defendants' motion as to the portions of those claims which generally implicated protections for minority shareholders in close corporations under Ohio law, after concluding this Court has subject matter jurisdiction over that type of claim, and granted Plaintiff leave to file an amended complaint within 21 days. (*Id.* at 5-6).

Plaintiff filed his First Amended Complaint on October 19, 2021. (Doc. No. 26). Defendants filed a motion for a more definite statement pursuant to Rule 12(e), arguing Plaintiff's allegation that he is a "minority shareholder/ interest holder," (*see, e.g.,* Doc. No. 26 at 10), was "so

vague and ambiguous that Defendants cannot file a responsive pleading." (Doc. No. 27 at 4). Plaintiff opposes Defendants' motion, arguing he has sufficiently alleged that "he continued to maintain a beneficial minority ownership interest in IMCO." (Doc. No. 29 at 2 (citing Doc. No. 26 at 2, ¶3)).

In paragraph 3 of his First Amended Complaint, Plaintiff alleges: "In addition to the discriminatory conduct of the Defendants directed towards Plaintiff, the Defendants also engaged in additional misconduct, including but not limited to, a conspiracy intended to deny Plaintiff his beneficial interest in the Company, obtained through dissolution proceedings in 2011 which terminated his marriage to Defendant Julie Whitlow." (Doc. No. 26 at 2). While Plaintiff remained a minority shareholder immediately following his divorce, all parties agree Plaintiff sold all of his shares in IMCO pursuant to an August 7, 2012 Stock Redemption Agreement. (*See* Doc. No. 27-1). The events underlying Plaintiff's claims did not occur until 2019, seven years after Plaintiff ceased to be a shareholder in IMCO. (*See, e.g.,* Doc. No. 26 at 6-7). Thus, the only source of Plaintiff's alleged "present and future minority interest in [IMCO], (*id.* at 6), was his "beneficial interest . . . obtained through dissolution proceedings in 2011 which terminated his marriage to Defendant Julie Whitlow." (*Id.* at 2).

I previously ruled that, to the extent Plaintiff's claims arise from or seek to enforce the 2011 Divorce Decree, those claims were barred by the domestic relations exception to federal court jurisdiction, which "'divests the federal courts of power to issue divorce, alimony, and child custody decrees,' . . . [or to] enforce a divorce decree." (Doc. No. 24 at 3 (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) and citing *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797-98 (6th Cir. 2015))). While Counts 2 through 7 of Plaintiff's First Amended Complaint seek to pursue a slightly different route to recovery than Counts 2 through 8 of his original Complaint, his alleged right to relief comes from the same source – the 2011 Divorce Decree.

2

A district court may dismiss a plaintiff's claims *sua sponte* if the plaintiff has been given adequate notice of the court's intention to dismiss the claims and an opportunity to amend the complaint.  *See, e.g., Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1985) (citing *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983)).  I conclude Plaintiff received adequate notice that any claims which seek to enforce his rights under the 2011 Divorce Decree were barred by the domestic relations exception and that Plaintiff was given an opportunity to amend his complaint to allege claims which do not arise from that state-court order.  *See O'Lear v. Miller*, 222 F. Supp. 2d 862, 863-64 (E.D. Mich. 2002).  I further conclude *sua sponte* dismissal of Amended Counts 2 through 7 is appropriate because this Court continues to lack subject matter jurisdiction to hear Plaintiff's amended claims seeking enforcement of his rights under the 2011 Divorce Decree.  *Id.* at 864.

Therefore, I deny Defendants' motion for a more definite statement, (Doc. No. 27), and dismiss Amended Counts 2 through 7 for lack of subject matter jurisdiction.  The sole remaining claim in this litigation is Plaintiff's cause of action for employment discrimination and violation of his civil rights.  (Doc. No. 26 at 9-10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge